FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

2023 JUN -1 PM 3:57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

Rexford Tweed
         petitioner

                                    3:23-cv-654-MMH-JBT

VS.

RICKY DIXON, Secretary          APPLICATION FOR
Florida Dept. of Corrections    HABEAS CORPUS
               2nd              28 U.S.C. §2241 (c)(3)(2006)

ASHLEY MOODY
Florida Attorney General
                                    ORIGIONAL
         Respondents

(1) Petitioner, Rexford Tweed, pro se and affiant, COMES before
this Honorable Court under Federal Rules of Court: Procedure 5.1 (a)(2)
in Habeas Corpus and Article III Section 2 of the United States
Constitution; 28 U.S.C. §2241 (c)(3)(2006); 28 U.S.C. 1651 (a);
28 U.S.C. §1251.

(2) Petitioner COMES to this Court directly from a Florida
Application for Original Habeas Corpus to the Florida Second
District Court of Appeal; Tweed v State of Florida et. al.,
case no.: 2D22-1561, Sue Sponte denied Motion For Rehearing
June 28, 2022; and The Florida Supreme Court, case no.:
S.C. 22-908, That was Sue Sponte denied July 14, 2022. See
attached Affidavit Appendix No. 6 pg[5] and Appendix No. 11 and pg[6].
(3) Petitioner collaterially challenged The Florida Constitutionality,
and subsequently the United States Constitutionality, of Fla.
Stat. § 794.011 (1974); based upon prima facie evidence clear upon
the record; That the Reviors Bill for the enactment of Florida

Statute § 794.011 (1974), was ever returned to the Florida Legislature and constitutionally enacted prior to going to the Florida Governor, receiving his signature, and becoming the law of Florida. See enclosed Affidavit Appendix No. 5. See chronology of state action pages 20-25, paragraphs 49-69. Appendix No 5 pg [73].

(4) Petitioner was convicted and sentenced to prison under this statute that was never constitutionally or legally enacted; wherein, petitioner has been confined against his will and laws and constitutions of both - Florida and the United States. Petitioner has sought immediate release from Florida prison. No reasonable factfinder or jurist would convict and sentence petitioner to Florida prison knowing the facts of this cause of action. IN ALL PRIOR FLORIDA, CAUSE OF ACTION, IN THIS MATTER, THE STATE OF FLORIDA HAS REFUSED TO ADDRESS PLAINTIFF'S CONSTITUTIONAL QUESTION, OF FLORIDA STATE § 794.011 (1974), AND § 800.04, complete chronology pages 20-25 paragraphs 49-69. See also enclosed Affidavit for Record before this Court.

(5) Florida Statute § 800.04 was invalidated in 1984 by the Florida Revision Division, in a violation of Fla. Stat. § 11.242; Article II Section 3, Article III Section 6 and Article X of the Florida Constitution. In addition, petitioner further discovered that Florida Statute § 794.041 became law in 1984 supplement to 1983 Florida Statutes, wherein, it was never created, adopted, approved or enacted by the Florida Legislature. Respondents have not responded to this illegality.

(6) Petitioner is alleging FRAUD AND CONSPIRACY TO COMMIT FRAUD, wherein, this illegality has continued since 1974, and is manifested by the fact that petitioner has provided sworn prima facie evidence to both the Executive and Judicial branches of Florida

2

Government, and both remain silent and refuse to specifically address this manifest injustice. The State of Florida had <u>NO Subject matter jurisdiction</u> to prosecute petitioner under Florida statutes §§ 794.011 and 800.04 (1987). See paragraph 32 pg 14.

(7) ALL PUBLIC OFFICIALS IN RECEIPT OF PETITIONERS AFFIDAVIT OF NOTICE OF FLORIDA STATUTE UNCONSTITUTIONALITY AND APPLICATION FOR HABEAS CORPUS, were required by their oath of office to answer. This notification of legal responsibility is "The first essential of due process", <u>Connelly v General Construction Co., 269 U.S. 385, 391.</u> "Silence can only be equated with fraud where there is a legal or moral duty to speak or when an inquiry left unanswered would be intentionally misleading". <u>U.S. v Tweel, 550 F.2d. 297.</u> It is the ministerial fiduciary/trustee duty of each and every government official, officer, agent, contractor and assign of the United States, State of Florida, agency, department, division of government, who viewed petitioner's Affidavit of Fraud and Notice; to "Respondents", to timely and fully answer; <u>Federal Corp. Insurance v Merrill,</u> 332 U.S. 380, 92 L.Ed. 10, 68 S.CT. 1, 175 A.L.R. 1075 (1947).

(8) The United States Supreme Court set forth in <u>Montgomery V. Louisianna,</u> 136 S.CT. 718 (2016) citing <u>Exparte Siebold,</u> 100 S.CT. 371, 376 (1880) that when a petitioner is attacking state judgments against him on the ground that he had been convicted under an unconstitutional statute, it effects the foundation of the whole proceedings, id. 376. A conviction under an unconstitutional law "is not merely erroneous, but, is illegal and void, and cannot be a legal cause of imprisonment...

3

if the laws are unconstitutional and void, the ... Court acquired no jurisdiction of the causes, citing <u>Siebold</u>, 100 U.S. 371, 376-77 (1880). The Florida Courts had no subject matter jurisdiction to convict and sentence petitioner to prison!

(9) The Supreme Court of the United States further established citing <u>Siebold</u>, a general principal that: "a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced." See <u>Teague</u>, 489 U.S. at 292, 312, 109 S.Ct. 1060. Petitioner respectfully alleges that this Court has no subject matter jurisdiction to leave in place his prison conviction or sentence!

(10) There is a United States Eighth Amendment violation here "...because the Eighth Amendment bars a prison sentence beyond the Legislative [and constitutional] created maximum". <u>Echols v Thomas</u>, 33 F.2d. 1277. (11th.cir. 1994) (per curiam), <u>Withrow v Williams</u>, 113 S.Ct. 1745 (1993).

(11) "The implication of a trust is the implication of every duty proper to a trust... whoever is a fiduciary or in conscience chargeable as a fiduciary is expected to live up to them." <u>Buffum v. Peter Barcalowx</u>, 289 U.S. 227, 237; 77 L.Ed. 1140, 1146 cited <u>Braum v Hansen</u>, 103 F.2d. 685 (1939), wherein, it further states; "Being fiduciaries, the ordinary rules of Evidence are reversed, "must obey the law, <u>Botz v. Economou</u>, 98 S.Ct. 2895; <u>Davis v Passman</u>, 442 U.S. 226, 99 S.Ct. 2264 (1929). Any judicial officer being of oath of office, bonded to fidelity, are under ministerial duty,

<u>Supervisor v United States Ex. Rel. 71 U.S. 435, 4 Wall 435;</u>
<u>U.S. v Thomas, 15 Wall 337; U.S. v Carter, 217 U.S. 286, 30 S. Ct.</u>
515.

(12) Wherein, Respondents have deliberately chose default, rather
than address the illegality or unconstitutionality of Fla. Stat's.
§§ 794.011 (1987) 800.04 (1987). This comprises an estoppel of all
actions, administrative, and judicial by Respondents against
petitioner Rexford Tweedy Pomery, Equity Jurisdiction Section,
805 P. 192, Restatement 2d. of Torts Section 894(1)(1979), and
now reasonably relied on, Wilbur National Bank v U.S., 120,
124-125 (1935), due to misconduct by government agents,
Heckler v Community Health Services, 467 U.S. 57 at 59, 60,
Federal Corp, Ins. supra, id 380 (Title 28 U.S.C. 3002(15)). "IT
[The doctrine of estoppel by silence] arises where a person is
under duty to another to speak or failure to speak is inconsistent
with honest dealings", In re. McArdles Estate, 140 Misc. 257
et. seg., and silence, to work estoppel must amount to bad faith.
Petitioner alleges bad faith. see Wise v U.S. D.C., Ky, 38 F. Supp.
130, 134, where duty and opportunity to speak; Codd v.
Westchester Fire Ins. Co., 14 Wash. 2D, 600, 128 p. 868, 151
ALR., 316, creating ignorance of facts, Cushing v U.S. Mas.,
5, 118 F. Supp. 83; willful or culpable silence, Lenconi v.
Fidelity Trust & Savings Bank of Fresno, 96 Cal. App. 490,
273 p. 103 et. seg., "Silence implies knowledge and opportunity
to act upon it," Pence v Langdon, 99 U.S. 578 @ 581 et. seg.
(13) what makes this Fraud and conspiracy to commit Fraud, is
that Respondents have sworn notice and prima facia knowledge
that petitioner (and thousands of other like situated Florida

5

prisoners) are allowed To remain convicted and confined
To prison, wherein, There is NO Subject Matter Jurisdiction
To support That conviction and incarceration. This is
deliberate, willful, malicious and capricious Fraud. Injury
occurs each and every day it continues. The prosecution
and sentencing itself was fraud. By The Judicial Branch allowing
This conviction and sentence to remain in place, has sided with
The Executive Branch of Florida Government, denying petitioner
his fundamental rights To due process in a liberty interest
matter, a United States; Fifth, Sixth, Eighth and Fourteenth
Amendment violation, including procedural due process and
equal protection under The law. A substantive rule forbids
"criminal punishments of certain primary conduct" or "prohibits"
a certain category of punishments for a class of defendants
[prosecuted under Florida statutes §§ 794.011; 800.04] because
of Their status" [Sexual Battery]. Montgomery, supra citing
Penry, 492 U.S. at 330; see also Schriro v. Summerlin;
542, U.S. 348, 353, 124 s. ct. 2519 (a substantive rule "alters
The range of conduct or The class of persons That The law
punishes").

(14) Substantive constitutional rules have been defined
as Those that place, as a matter of constitutional interpretation,
certain kinds of primary private individual conduct
beyond The power of The criminal laws-making authority
To proscribe. That is The essence of This habeas corpus.

(15) Under The doctrines of res gestae res ipsa loquitur,
respondent superior, as now having prior knowledge,
authority, power, opportunity To prevent or aid in
preventing injury, damage, having been or about to be

6

committed. The Title 42 U.S.C. Section 1986, as applies To public officials; officer, by existance of an agreement between Two or more persons, acting in a private conspiracy, McNalley v Pultzer Pub. Co., 532 F.2d. 69, 429 U.S. 855, 50 L.Ed. 2d. 131 [1976), To conspire, Through said conspiracy, To impede or hinder, or obstruct or defeat the due course of justice in a state or territory, with purposeful intent To deny equal protection of the law, under color of state law or authority, or other. Griffin v Breckenridge 403 U.S. 88, 91 s. ct. 1790 (1971), depriving of having or exercising a right federal conspiracy to obstruct Justice Act Title 42 U.S.C.S. Section 1985(2), depriving of due process, even by Federal Officials, Williams v Wright, 432 Fed. Sop. 532 (1976), Founding Church of Scientology v Director F.B.I (1958) 459 F. Supp. 248, 98 L.Ed. 2d. 150, 108 s. ct. 199, even District Attorneys, Rouselle v. Perez, 293 F. Supp. 298, places upon you The badges of Fraud, Prior Knowledge, superior knowledge of the law, will of intent, perjury of oath of office, constructive treason, bad faith, breach of fiduciary/trustee responsibility, where upon "bring fiduciaries, The ordinary rules of evidence are reversed", as in Exparte v Young, 209 U.S. 123 (1908).

(16) All Respondents, in This cause of action, who are officers of the court, and acted in union with one another, and in their fiduciary/trustee capacity, within their sworn oath of office, To upheld both the United States and Florida constitutions, who with deliberate, willful, malicious and capricious indifferent purpose; have refused, denied, ignored; To respond To Plaintiffs

7

prima facia sworn evidence of the unconstitutionalty of Florida statutes §§ 794.011 (1974-1987); 800.04 (1987); have violated their sworn oath of office in a conspiracy to sustain petitioners criminal conviction and sentence, and violate petitioners United States fundamental constitutional rights.

(17) Petitioner is <u>NOT</u> arguing Florida State power to define crime but upon the manner in which Florida is enforcing penal codes. See <u>Rochin v Peoples of California</u>, 72 S.Ct. 205, 207 (1952), U.S. Const. 1 §§ cl. 18, § 10 cl. 1, Amendments Thirteen and Fourteen.

(18) This is also <u>NOT</u> a collaterial attack on mere error of state law, but one that raises to a United States Constitutional violation. <u>Wilson v Corcoran</u>, 562 U.S. 1, 1, 5, (2010). See <u>Bradshaw v Richey</u>, 546 U.S. 74, 76 (2005); <u>Jones v Cain</u>, 600 F. 3d. 527 (5th. cir. 2000), ("... Regardless of how a state court applies state evidence rules, a federal habeas court also has an independent duty to determine whether the enactment violates the constitution"). In Immigration cases, the United States Supreme Court has held that review of statutory questions implicates due process of law. See <u>Brownall v. Washung</u>, 77 S.Ct. 252, 255 N.1 (1956) ("Due process" includes includes "conformity to statutory grounds"), <u>United States ex. rel. Accardi v Shaughnessy</u>, 74 S.Ct. 499, 502, 504 (1954) (using habeas corpus to ensure the "due process required by the regulations" because the "crucial question is whether the alleged conduct of the Attorney General who was over the revisors committee in 1973-75, deprived petitioner any rights guaranteed to petitioner by the statute or by regulation issued pursuant thereto.).

The Federal Courts are Not bound to the Constitutional construction of the statute by the state. See Missouri V Hunter, 459 U.S. 359, 365, 103 S.Ct. 673, 679 (1983); Brown, 432 U.S. at 167, 97 S.Ct. at 2226. It is the duty of a Federal Court in habeas corpus to review de novo, a states court legal conclusions, they are Not required to presume that a state courts conclusions of law are correct, McIntyre V. Caspari, 35 F.3d. 338, 342 (8th.cir.1984) citing laws of Armontrout, 834 F.2d. 1406 1407 (8th. cir.1987), cert. denied. 490 U.S. 1040, 109 S.Ct. 1944 (1989). See also Cokely V Lockhart, 951 F.2d. 916, 919 (8th. cir. 1991), cert denied, 113 S.Ct. 296 (1992), Missouri V Hunter supra id. 368.

(19) The creating and applying Florida Statutes That are Not Constitutionally enacted but, as in this case, published and enforced as Constitutionally enacted by the authority of the people of Florida are so harmful to this cause of action and truth, that singly and cumulatively, makes both of petitioner's conviction and prison sentence fundamentally unfair, Bell V. Duckworth, 861 F.2d. 169, 170 (7Th.cir. 1988) cert. denied 489 U.S. 1088 (1989); McCullough V Singletary, 967 F.2d. 530, 536-37 (11Th. cir. 1992).

(20) In Florida Law, the effect of Respondents and the Florida Courts, to Not deny petitioners sworn prima facie evidence that Florida Statutes §§ 794.011 (1974-1987), 800.04 (1987) were not legally or Constitutionally enacted, are to be admitted when not denied. Fla. R. Civ. P. 1.110(e) General Rules of pleading: Averments in a pleading to which a responsive pleading is required are admitted, when not denied in the responsive pleading. All averments of claim or defense shall be made in consecutively numbered paragraphs and limited to one statement.

9

Respondents have deprived petitioner of federal rights under color of state law and This court has authority to interced under its diversity and supplemental Jurisdiction. Before This court is a federal constitutional cause of action. This is an action challenging both the fact and duration of imprisonment, and seeking immediate release, which is subject To the habeas exhaustion requirement, wherein, anything affecting a prisoners custody is part of The "core of habeas corpus". petitioner is in state custody in violation of the laws and constitution of The united states,

(21) petitioner has a state created liberty interest, in The state of Florida, creating and enforcing criminal laws within The boundries or four corners of the law and constitutions of both Florida and The United States, <u>Sandin v Conner</u>, 115 S.CT. 2293 (1995), <u>Wolff v McDonnell</u>, 94 S.CT. 2963 (1974). It is The unauthorized deprivation of liberty, That is The denial of due process. The state of Florida does not provide an adequate post-deprivation remedy!

(22) It is fundamental That a state cannot create and enforce law in direct conflict with its own constitution or The constitution of The United States:

"... we find no suggestion in The federal constitution provisions of an attempt To endow The Legislature of The state with power To enact laws of a manner other Than That which The constitution of the state has provided laws To be enacted..."
       <u>Smiley v Holm</u>, 285 U.S. 355, 368 (1932).

(23) petitioner has an established liberty interest in Florida law in Fla. Stat. §775.021(1) (1985):

"The provisions of This code, and offenses defined by other statutes shall be strictly construed when The language is susceptible to differing constructions, iT shall be construed most favorable To the accused..."

## JURISDICTION

(24) In 1989, petitioner was charged and plead guilty To Sexual Battery, Fla. Stat. § 794.011(2)(1987), in Polk County, Florida; case No. 89-05043A-xx, and was sentenced to life with eligibility for parole after 25 years, Fla. Stat. § 775.082(1)(1989). petitioner would NOT and could NOT knowingly plead guilty To an illegal, unconstitutional criminal statute § 794.011(2)(1974-1987), petitioner, despite due diligence, did not discover The illegality until years later.

(25) Petitioner has never had a federal Habeas Corpus ruling on the merits of his case. At The Time limit To file a federal habeas corpus, petitioner was in state prison confinement, and all his legal material was confiscated and not available To him.

(26) petitioner filed with The United States District Court, Middle District of Florida, Tampa Division; case No. 98-858-T-23A for an enlargement of Time To file habeas corpus. IT was dismissed as untimely filed March 31, 1999.

(27) Petitioner appealed above case To The United States Eleventh Circuit Court of Appeal case No.: 99-11894-JJ. IT was denied July 31, 2000.

(28) Petitioner filed certorari To The Supreme Court of the United States case No.: 00-7674 Motion For Rehearing That was denied February 20, 2001.

## BASIS IN FACT AND LAW

(29) Florida Sexual Battery statute § 794 (1974) was repealed and in 1974 was allegedly replaced by Sexual Battery statute § 794.011 (1974). See ch. 74-121 at 322 laws of Florida. In this same chapter The Florida Legislature allegedly enacted section § 794.021, Titled "Involuntary Sexual Battery 2". petitioner has been incarcerated since January 20, 1989.

11

(30) The replacement Bill enacted by both Florida Legislative Houses was sent to the Florida Legislative Revisory Committee and by the Florida Attorney General. In the process of blending these two House Bills, the Attorney General significantly enhanced the final "Revisors Bill" that it drafted. Under Florida Law and Constitution, this Revisors Bill must be returned to both Florida Legislative Houses to be enacted prior to going to the Florida Governor, for his signature and becoming law. It was NOT returned to the Legislature and enacted, but went straight to the Governor, received his signature and became law. Petitioner was convicted and sentenced to prison under this law, Fla. Stat. § 794.011(2) (1985). It is an illegal, unconstitutional statute! Under Smiley v Holm supra, and other relevant Federal Constitutional Amendments and United States Supreme Court common law, this subsequently is a United State Constitutional violation under the Fifth, Sixth, Eighth and Fourteenth Amendments. See Foley v State, 50 So. 2d. 179, 184, 186 (Fla 1951).

(31) The Supreme Court of Florida has continually held in Amos v Mosley, 74 Fla. 555, 77 So. 619 (1917) that:

"... The rule in this state is thus stated in Chief Justice Marby in the case of State ex. rel. Attorney General v Green, 36 Fla. 154, 18 So. 334"

"Under Constitutional requirements that journals of the proceedings of the Legislative bodies shall be kept and published, it has been held in many decisions that, were the journal entries, as the Legislative proceedings, are explicit, and conflict even with legislative acts regularly authenticated,

12

The journals are superior, and courts will be governed by them as matters clearly, explicitly and affirmatively stated therein, <u>State ex. rel. v. Brown</u>, 20 Fla. 407; <u>State ex Rel. v. Deal</u>, 24 Fla. 293, 4 So. 899 [12 A.M. St. rep. 204]; <u>Mathis v State</u>, 31 Fla. 291, 12 So. 681 ..."

"... In the case of <u>State ex. Rel. Turner v Hocker</u>, 36 Fla. 358, 18 So. 767, Mr. Justice Taylor, who delivered the opinion of the court said:

"... It is well settled that the journal kept by the two houses of the legislature of their proceedings are public records of which the courts will take judicial notice..."

"... In these cases the court acted in accordance with well-established rule that those things of which a court may take judicial notice require <u>NO PROOF</u>. Thus, in <u>STATE v MAIN</u>, 69 Conn. 123, 37 ATI, 80, 36 L.R.A., 623, 61 A.M. St. Rep. 30, the court said:

"... Judicial notice takes the place of proof, and is of equal force. As means of establishing facts it is therefore superior to evidence. *** Since, as it stands for proof it fulfills the object which evidence is designed to fulfill, and makes evidence unnecessary. **** If, in regard to any subject of judicial notice, the court should permit documents to be referred to or testimony introduced, it would not be, in any proper sense, the admission of evidence, but simply a resort to a convenient means of refreshing the memory or making the trier aware of that which everybody ought to be aware..."

13

(32) THIS HONORABLE COURT SHOULD. TAKE JUDICIAL
NOTICE, That based on above basis in law, petitioner
provided Respondents, The Florida Judiciary, and The Florida
Attorney General; Judicial Notice of the factual basis, clear
upon the record, of the unconstitutionality of Florida Statutes
§ 794.011 (1974-1987); § 800.04 (1987), as evidence That T required
No proof of This unconstitutionality, and Respondents, State
of Florida, and The Florida Attorney General chose to Not
respond, rebut, deny, argue, defend, this constitutional
Cause of action. This cause of action is settled res judicata
and stare decisis. See Appendix No. 1a2, page No. [9]+[22A] of Affidavit.

(33) Also Take Judicial Notice of a Federal Question reviewed
under The 1789 Judiciary Act for a State question under
color of State law, wherein, the fount of all federal question
jurisdiction is The First Judiciary Act of 1789. Section 25 of
That Act extending writs of error as a right to State prisoners
(and other state litigants) who, within The proceeding five
years, had been denied relief "in The highest court of law
in of a State in which a decision in The suit could be had"
on claims challenging a State statute or other state authority
"on ground of [its] being repugnant to The Constitution,
Treaties or laws of The United States". [act of Sept. 24, 1789.
ch 20 §25, 1, stat. 73, 85-86]. Only errors That appeared
on The face of The record" were cognizable. [Id. §25, 1,
stat. at 86-87 (emphasis added)], Although section 25
provided without limitation That The State court "judgment
in may be re-examined and reversed or affirmed [id.
§15, 1 stat. at 85-86 (emphasis added)] The court followed

14

common law appellate practice, which only permitted de novo review of legal claims.

## UNITED STATES CONSTITUTIONL VIOLATION

(34) By the Florida Second District Court of Appeal sue sponte denying petitioners collateral challenge to the Florida constitutionality of Florida statutes §§ 794.011 (1974-1987); 800.04 (1983), in a liberty interest cause of action under color of state law, without providing clear upon the record documented evidence of the Florida constitutionality of Fla. Stat.'s §§ 794.011 (1974-1987), 800.04 (1983), denied petitioner due process under the Fourteenth Amendment of the United States Constitution, and confrontation protected under the Sixth Amendment of the United States Constitution, as applied to states via the Fourteenth Amendment. See Tennessee v Lane et.al. 541 U.S. 509, 124 S. Ct. 1978 (2004). Wherein, petitioner brought his habeas corpus before the State by sworn affidavit, based on other sworn affidavits, and there is no rebuttal by the State of Florida, petitioners factual basis must be accepted as truth, and for the Court to resolve this in favor of the government is to deny petitioner's "Truth of facts alleged," without rebuttal, contrary to controlling federal case law. See:

> Walton v Johnson, 407 F.3d. 285, 295 (4th cir. 2005) citing Walker v True, 399 F.3d. 315, 319 (4th cir. 2005); Cave v Singletary, 971 F.2d. 1513, 1517 (11th cir. 1982).

(35) There is a United States Eighth Amendment constitutional violation here "... because the Eighth Amendment bars a prison sentence beyond legislative [and constitutional] created maximum." Echols v Thomas, 33 F.2d. 1277 (11th cir. 1994) per curiam, Withrow v Williams, 113 S.Ct. 1745 (1993).

15

(36) There is also a United States Fourteenth Amendment equal protection violation, wherein, the Florida Courts sue sponte ruling in favor of the State, without ruling on the merits of petitioners case, denying petitioners equal protection footing in his cause of action, to confront this illegality. The State did not have to defend its alleged constitutional violation under Fla: Stat's 794.011 (1974-1987); 800.04 (1985). In this equal protection matter, petitioner here at bar, is not being treated the same way, or equally, with the other Florida criminal defendants, charged by the State. The purpose here is the enforcement of the Fourteenth Amendment command that "all persons similarly situated should be treated alike". Claburne v Claburne Living Center, Inc., 473 US 432, 439, 105 S.ct. 3249 (1985). See also, F.C.C. v Beach Commons'ns, 508 U.S. 307, 313 (1993). The Due process Clause requires states afford certain civil litigants a "meaningful opportunity to be heard," by removing obstacles to their full participation in Judicial proceedings. Tennessee supre. citing Boddie v California, 401 U.S. 371, 379, 91 S.ct. 780 (1971); M.L.B. v. S.L.J., 519 U.S. 102, 117 S.ct. 555 (1996).

(37) All the above is compounded, wherein, the Florida Judiciary is excluding petitioner from the Courthouse and court proceedings, by reason of his lack of ability to acquire legal representation, or his own lack of legal training and experience. This is unconstitutional discrimination against petitioner, Tennessee supre. Petitioner is computer illiterate and prison law is on computer!

(38) This duty to petitioner (and we the people), is perfectly consistent with the well-established due process principle that "within the limits of practicability, a state must afford to all individuals a meaningful opportunity to be heard," in its courts. Tennessee supre citing Boddie, 401 U.S. at 379, 91 S.ct. 280.

16

(39) Petitioner was entitled in State Court to a full judicial hearing and panoply of relevant protections under both the Sixth and Fourteenth Amendments of the United States Constitution. Specht v Patterson 87 S.Ct. 1209 (1963). A convicted defendant cannot be "a little bit guilty". Buford v State of Florida, 403 So.2d. 943, 953 (1981).

(40) The Due Process Clause of the Fourteenth Amendment "protects the accused conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re. Winship, 329 U.S. at 364, 90 S.Ct. 1073.

## FEDERAL HEARING

(41) Petitioners constitutionality of a Florida Statute was resolved by the Florida Judiciary without a hearing. Petitioner is entitled to a hearing and MOVES This Honorable Court for a hearing, and dispose of this matter as law and justice require. Resolution of factual claims requires an evidentiary hearing. Townsend v Sain, 372 U.S. at 313-319. Accord e.g. Keeney v Tamayo-Reyes, 504 U.S. 1, 10, N.5, (1992); Ford v Wainwright 477 U.S. 389, 410-411 (1986); Wainwright v Sykes, 433 U.S. 72, 87 (1977). Petitioner is "entitled to have the federal habeas corpus court make its own independent determination of his federal claim, without being bound by the determination on the merits of the claim reached in the state proceedings."

(42) Townsend supra may be understood to follow another "salutary principle"; namely, that whenever "there is a likelihood that the production of evidence will make the answer to the [constitutional] questions clearer." Borden's Farm

Products Co. v Baldwin, 293 U.S. 194, 213 (1934), the a essential facts should be determined before passing upon a true constitutional question..."

(43) "... Congress has expressly vested plenary power in the federal courts" for taking testimony and trying the facts anew in habeas corpus'." Wingo v Wedding, 418 U.S. aT 468 ("since The Judiciary Act of Feb. 5, 1867; quoting Fay v Noia, 372 U.S. 391, 416 (1963))); Fontain v United States, 411 U.S. 213, 215 (1973) (per coriam).

## CHRONOLOGY OF FLORIDA STATE ACTION RELATIVE TO THIS FEDERAL CAUSE OF ACTION

(44) Petitioner lost a hugh amount of time in attempting to confirm That the Florida Legislative Notes, held by the Florida Secretary of State, Bureau of Archives, had NO evidence of The Revisor's Bill §794.011 (1974) being constitutionally enacted by both Florida Legislative Houses prior to being sent to the Florida Governor, receiving his signature and it becoming the law of Florida. Specifically, The Florida Dept. of Corrections Law Library Administrator in Tallahassee, Adrien Peterson, literally denied in writing petitioners written request for the University of Florida Law Library to provide petitioner a copy of the applicable 1973-74 Legislative Journal Notes. Petitioner also directly contacted the Florida Bureau of Archives To obtain a copy of these specific Legislative Journal Notes, and although This is public information, the Florida Bureau of Archives, in writing, denied petitioner these copys alleging they were "contraband" for petitioner to posses. Petitioner even solicited an outside person, Mr. Robert Johnson of Yulee, Florida To obtain these Legislative Note copys, and he was denied as well. This is evidence of due dilligence in this matter. See enclosed Affidavit    (18) Appendix No 3 and 4, pages [38] to [45].

(45) In addition, petitioner is 87 years old and totally computer illiterate. Petitioner does not even know how to turn on a computer or access the first screen. Petitioner is confined at Columbia Correctional Institution (annex). Columbia Correctional Institution (annex) (C.C.I.) law library legal research materials all computerized, with the exception of statutes, they have very few law books.

(46) All of this is compounded by the fact that, as long as petitioner has been at this institution of over 1600 inmates; its "law library," that has a posted sign stating 43 maximum inmates, only approves about 6-7 inmates per shift to access the law library. Stated another way, the full library, general library and law library together has continually been operated at 15 inmates total, including law clerks, general library clerks and all inmate library staff. This is deliberate, willful, malicious and capricious, and has severely hindered and impeded petitioners access to do any legal work or due diligence in this cause of action.

(47) This is further compounded by the fact that petitioner is indigent with over $6,600.⁰⁰/₀₀ hold on his inmate trust account. This law library limits to all indigent inmates indigent legal materials such as paper (10 sheets at a time), and one (1) pen every thirty (30) days. Petitioner can go through 10 sheets of paper in one day and a pen every 2½ weeks. As petitioner is drafting this on 1/14/23, he has not received any paper requested at the last three (3) times he has been to the law library! This is fully grieved and undenied by prison administrators. In short, petitioner could write a book on all the state of Florida has done to hinder his access to the court, a violation of Fla. Admin. Code Rule 33-210.102 (1). Law clerks are not trained in constitutional issues or have available time to assist inmates. Due diligence issue!

19

(48) Petitioner, having further researched whether Fla. Stat § 794.011 (1974) and § 800.04 (1987) were constitutionally enacted; made on February 3, 2021, a sworn detailed 37 page affidavit of notice and fraud to the Florida Governor Ron DESANTIS, by certified mail return receipt mail No 7018 1130 0000 8557 8543, the unconstitutionality and fraud of Florida Statutes §§ 794.011 (1973-1987) and 800.04 (1987). Petitioner provided the Governor thirty (30) days to respond. The governor did not answer, rebott, argue or deny this unconstitutionality or fraud. This is of record in the Florida Second District Court of Appeal; Tweed v State of Florida et. al Case No. 2D22-1561 (2022). Petitioner also recorded this document in the Florida Circuit Court for which he resided; Eighth Judicial Circuit Court in and for Union County, Florida NO.: 20210000704, Book 411; pg. 44; pg 1 of 39 dated 3/31/2021 8:17 AM. See enclose Affidavit Appendix No. 1 pg [4] + [9]

(49) petitioner served the exact same notice of unconstitutionality and fraud upon Florida Attorney General ASHLEY MOODY, on February 3, 2021 certified mail return receipt No. 7018 1130 0000 8557 8932; and to the Florida Secretary of State LAUREL M. LEE certified mail return receipt No.: 7018 1130 0000 8557 8932. Neither were answered, rebotted, argued or denied. See enclosed Affidavit Appendix No. 1, page [4] + [9]

(50) On March 23, 2021 (Forty seven 47) days later, petitioner served upon the three (3) Respondents listed above, a notice of fault and provided an additional ten (10) days to respond. NONE of the above responded. See Affidavit Appendix #1. pg. [48]

(51) On April 19, 2021 (another 27 days later) petitioner served upon Florida Governor RON DESANTIS by certified mail return receipt U.S. Mail No. 7020 3160 0000 7927 7100, Notice of Default

and provided Three (3) additional days To respond To This Notice of illegal, Unconstitutional statute (enactment) of Florida statutes §§ 794.011 (1973-1987); 800.04 (1989). Governor RON DESANTIS did Not answer, rebut, argue, or deny This action. See enclosed Affidavit Appendix No. 1, pg [53]

(52) Petitioner gave The same Notice as above on April 19, 2021, To The Florida Attorney General ASHLEY MOODY, certified U.S. Mail return receipt No.: 7020 3160 0000 7927 7087; and to Secretary of State LAUREL M. LEE certified mail return receipt No.: 7000 0600 0023 1268 5060. Both did Not respond or answer To This Notice. See Affidavit Appendix #1. pg [53]

(53) On May 17, 2021 petitioner served upon Governor RON DESANTIS, certified mail return receipt No. 7020 1290 0001 0439 5294 an Administrative Judgment. IT was Not responded To. petitioner also served on May 17, 2021, an Administrative Judgment upon Attorney General ASHLEY MOODY certified mail return receipt No. 7020 1290 0001 0439 5270. IT was Not responded to. Petitioner also served upon Florida Secretary of State LAUREL M. LEE on May 17, 2021 an Administrative Judgment certified mail return receipt No.: 7020 1290 0001 0439 5287. IT also was Not responded To. Petitioner alleges This is evidence of collusion. See Affidavit enclosed Appendix No 1. pg [66]

(54) ON May 11, 2021 petitioner served upon BRIAN HAAS, STATE ATTORNEY in and for Polk County, Florida; a sworn Affidavit of Fraud collaterally attacking The Constitutionality of Fla. stat. §794.011 (1973-1987) and 800.04 (1987); by certified mail return receipt No.: 7020 1290 0001 0439 5485 and provided Thirty (30) days To respond. BRIAN HAAS did not respond. ON August 13, 2021, petitioner served upon BRIAN HAAS both an Affidavit of Exhaustion of Administrative

Remedy and an administrative Judgment by certified mail return receipt No. 7020 3160 0000 7927 7094. It was Not responded To. See enclosed Affidavit Appendix No. 2. pg [72A]

(55) All documents listed above by petitioner were Notorized and additionally witnessed by Three (3) additional witnesses.

(56) Petitioner, armed with Notorized and Sworn Affidavits of Truth and Administrative Judgments To The Executive Branch of Florida government; That Florida Criminal statutes §§ 794.011 (1974-1987) and 800.04 (1987) were Not legally or Constitutionally enacted, filed a Florida Original Jurisdiction Habeas Corpus To The Florida Second District Court of Appeal, May 16, 2022. See Tweed v State of Florida et. al.; case NO. 2D22-1561; against Governor RON DESANTIS and Attorney General ASHLEY MOODY, alleging both Florida and United States unconstitutionality of Florida statutes §§794.011 (1974-1987) and 800.04 (1987). That petitioner was being confined in the STATE of Florida against his will and The laws and constitutions of both Florida and The United STATES. Petitioner demanded his immediate release. See enclosed Affidavit Appendix No. 5. pg [73]

(57) Petitioner set forth To The Florida Second District Court of Appeals substantial, extraordinary circumstances of Notice and un-rebutted, genuine issues of material fact Not denied, argued, objected to, responded to by any Respondent within The Executive Branch of Florida government, including The Florida Governor or Florida Attorney General ASHLEY MOODY.

(58) The Florida Second District Court of Appeal immediately Sua Sponte denied on June 6, 2022; without an evidentiary hearing or written opinion, listing Justices LAROSE SLEET and LUCAS. See enclosed Affidavit Appendix No 6, pg [160]

22

(59) Petitioner immediately filed a Motion for Enlargement of Time To file a Motion For Rehearing. IT was approved for 20 additional days on June 17, 2022. See enclosed Affidavit App. NO 7+8. See pgs [125] + [167].

(60) Petitioner immediately filed The Motion For Rehearing To The Second District Court of Appeal on June 20, 2022. IT was immediately Sua Sponte denied on June 28, 2022, without an evidentiary hearing or any ruling on The merits. NO Justice cited on This order. See enclosed Affidavit Appendix NO 9. +10 & 11. Pages [128] [162] [139].

(61) Petitioner immediately filed To The Florida Second District Court of Appeal a Notice To Invoke Discretionary Jurisdiction of The Supreme Court of Florida; on July 11, 2022. Before The Court even received iT or knew what iT said; The Supreme Court of Florida denied iT July 14, 2022; Case NO. S.C. 22-908. No Judge was named for This denial, and The Supreme Court further ordered! No Motion For Rehearing would be allowed. Petitioner had set forth genuine issues of material fact of The Constitutional questions and basis for The Supreme Courts discretion, written by Florida Appellate Judge Padovano, in Padovano's Appellate Practice 2020. See enclosed Affidavit Appendix No's, 12, 13, See pages [141] & [143].

(62) All of This is compounded by The fact That Petitioners "Motion for Rehearing To The Second District Court of Appeal, See Affidavit, Appendix #9, pg [128] set forth That by The Second District Court of Appeals own Common law, DEIRS v State of Florida, 899 So. 2d. 489 (2005) The Court has ruled That a denial of a Motion for rehearing without a stated reason is abuse of discretion. This seemed To make No difference To The Second District Court denying Rehearing without a stated opinion; or To The Supreme Court of Florida in Petitioner's requested Discretionary Review Jurisdiction To That court; Manifest injustice par, 20 page 5. See Affidavit Appendix no. 9. page [128]

23

(63) Petitioner immediately filed to the Florida Second District Court of Appeal a NOTICE TO INVOKE DISCRETIONARY JURISDICTION of the supreme court of Florida on July 11, 2022. See enclosed Affidavit Appendix No. 12. page [147]

(64) The supreme court of Florida immediately dismissed case No.: SC22-908, on July 14, 2022. The courts reason, that they lacked jurisdiction to review an unelaborated decision. from a district court of appeal the TIS issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this court [... no motion for rehearing or reinstatement will be entertained by this court. See enclosed Affidavit App. No 13. para [143]

(65) Petitioner focusing on a Federal Habeas Corpus, on July 22, 2022, filed a "Notice of Constitutional Question" to the Florida Attorney General ASHLEY MOODY. Petitioner copied this constitutional question to the Florida supreme court. Note. have that there is an issue of things crossing in the mail, and petitioner not knowing what was coming in the mail. See enclosed Affidavit Appendix No. 14. pg [145]?

(66) Petitioner then received a document from the supreme court of Florida dated July 28, 2022, citing case No.: SC22-908. It stated "The Florida supreme court has received the following document reflecting a filing date of 9/15/2022". "Letter. In response to the above letter, please find the enclosed indigent form and information on filing a NOTICE TO INVOKE". See enclosed Affidavit Appendix No 15. pg [164]

(67) Petitioner, an 89 year old, pro se, litigant, with no training in the law is now totally confused! The supreme court July 14, 2022, stated rehearing or reinstatement will NOT be entertained. ↑later This July 28, 2022, appears to reopen this supreme court case. ↑letter See enclosed Affidavit Appendix No. 16. pg [165].

(68) On August 16, 2022, Petitioner filed a document to the Clerk of the supreme court of Florida, Titled "Motion". This Motion is for the purpose of addressing the courts July 28, 2022, document. See enclosed Affidavit Appendix No. 16. pg [165]

Petitioner sets forth in that motion:

(A) That his document sent to the Court July 15, 2022 was a copy of his "Notice of Constitutional Question" to the Florida Attorney General ASHLEY MOODY, also served upon the Court

(B) In this document, page 5 was "Jurisdiction". All of this was subsequent to petitioner filing a Notice to Invoke Discretionary Jurisdiction of the Supreme Court of Florida

(C) That petitioner, untrained in the law, intended this July 15, 2022 "Notice of Constitutional Question" to serve as his Jurisdictional Brief.

(D) Petitioner MOVED in this document, that the Florida Supreme Court acknowledge timely receipt of his "Notice to Invoke Discretionary Jurisdiction, and to accept petitioners petitioner's "Notice of Constitutional Question also served upon the Florida Attorney General. Served upon this Court 7/22/22.

(E) In the alternative, provide petitioner time to file an Ammended Jurisdictional Brief, See enclosed Affidavit Appendix #16. [165] pg.

(69) Petitioner has received a response from the Florida Supreme Court to above on July 22, 2022. On January 19, 2023 petitioner wrote the Florida Supreme Court and asked what the status of this case is. Petitioner has believed this Florida Supreme Court case SC22-908 is closed, and proceeded as such. See enclosed Affidavit Appendix No. 17. pg [170]

(70) Petitioner filed on December 19, 2022 (mailbox rule), a Notice of Constitutional Question relative to Florida statutes §§ 794.011 (1974-1987) 800.04 (1987), To Florida Governor RON DESANTIS certified mail return receipt No. 7014 7820 0000 4751 8471 on December 19, 2022; and to Florida Attorney General ASHLEY MOODY, also on

December 19, 2022; by certified mail return receipt No.
7014 1820 0000 4751 8530. As of this filing, these
Florida Respondents have NOT responded, rebutted,
denied, argued, objected to petitioners constitutional
Questions. The State of Florida and Respondents have
lost any further opportunity to respond or relitigate
this matter. It is settled res judicata and stare decisis.
See Enclosed Affidavit Appendix No.18 pg.[17].

## SUMMARY

(71) Petitioner, Rexford Tweed, pro se, has collaterally
attacked the State of Florida and the constitutionality
of Florida Statutes §§ 794.011 (1974-1987); 800.04 (1985);
alleging they were NOT constitutionally enacted and
the State of Florida had NO subject matter jurisdiction
to convict and sentence petitioner to Florida prison
under these statutes. The State of Florida cannot
convict and sentence to prison a citizen without
defending what its subject matter jurisdiction is.
(72) The United States Supreme Court has set forth in
Montgomery v Louisiana, 136 S.Ct. 718 (2016); citing
Ex parte Siebold, 100 S.Ct. 376 376 (1880), that when
petitioner attacked the State Judgments against him on
the ground that he had been convicted under an
unconstitutional statute, it effects the foundation
of the whole proceedings, id. 376. A conviction under
an unconstitutional law "is not merely erroneous,
but, is illegal and void, and cannot be a legal cause
of imprisonment..." The State court decision was "contrary to
or involved an unreasonable application of, [a] clearly established
Federal [common] law, as determined by the Supreme Court of the
United States.

(73) The State of Florida has <u>NOT</u> responded, denied, argued, defended petitioners collateral attack on these statutes, or his conviction and prison sentence! the state has <u>NOT</u> charged this pro se litigant with a frivolous prosecution! The State of Florida has denied petitioner an evidentiary hearing on this cause of action. The State of Florida has admitted this constitutional illegality!

(74) The State of Florida has <u>NOT</u> provided or established what its subject matter jurisdiction is/was to convict and sentence petitioner to Florida prison!

## CONCLUSION

(75) Petitioner is confined in the State of Florida in violation of the laws and constitution of the United States Fifth, Sixth, Eighth and Fourteenth Amendments. Petitioner seeks habeas corpus and immediate, unconditional release from all incarceration in the State of Florida.

## PERJURY STATEMENT

(76) Petitioner/Affient Rexford Tweed, DECLARES under penalty of perjury, that the foregoing facts are true and correct per 28 U.S.C. §1746.

Columbia Correctional Inst.
216 S.E. Corrections Way (ANNEX)
Lake City, Florida 32025

Rexford Tweed pro se
Rexford Tweed DC#116365
Date: May 30, 2023

27

## CERTIFICATE OF SERVICE

I HEREBY DECLARE That a True and correct copy of The foregoing was Sent by U.S. Mail postage paid, To The Florida Attorney General ASHLEY MOODY at The capital, PL-01, Tallahassee, Florida 32399; And to Ricky Dixon, Secretary, Florida Dept. of Corrections, 501 So. Calhoun St, Tallahassee, FL. 32399, Per 28 USC § 1746 on This 30th day of ___May___ 2023.

Rexford Tweed pro se
Rexford Tweed
DC# 116365
Columbia C.I. Annex
216 S.E. Corrections way
Lake City, FL. 32025

28